NORA AVELLY, PLAINTIFF, v. ELISEO V. RICCI, DEFENDANT.

Submitted May 13, 1927—Decided August 26, 1927.

Contracts—Promissory Note—Testimony Much in Dispute, but Verdict for Plaintiff Does Not Appear to be Either Against Weight of Evidence or Against Charge of Court.

On defendant's rule to show cause.

Before Justices PARKER, MINTURN and CAMPBELL.

For the rule, *Abraham Levitan.*

*Contra, David T. Wilentz.*

PER CURIAM.

The action was on a promissory note for $1,400, dated March 7th, 1922, made by the defendant to the plaintiff, held by the latter, and upon which she contends she advanced the maker the full amount thereof in cash. The cause was first tried on December 16th, 1925, resulting in a recovery in favor of the plaintiff. A new trial was ordered to permit the defendant to present his defense, and such retrial was had January 3d, 1927, resulting again in a finding for the plaintiff.

The defendant's contention was, that being desirous of borrowing $1,400 for his son-in-law he approached the plaintiff for the purpose of having her make the loan, and she suggested that he give her his note and she would endeavor to discount it at her bank. That such a note—incomplete in form and containing only the date, amount and defendant's signature—was given to plaintiff, who was unsuccessful in discounting it at her bank, and informed defendant that she had destroyed it.

The plaintiff contends that she loaned the defendant $1,400 in cash, which she obtained partly from others and partly from her own funds. That the money was actually advanced and loaned some time in 1921; that defendant gave her a check dated May 25th, 1921, in repayment, but such check was not paid because of lack of funds in bank. The testimony seems to be much in dispute as to this check, and particularly as to whether its true date is 1921 or 1922.

The reasons advanced and urged for setting aside the verdict are that it is against the weight of the evidence and against the charge of the court and contrary to law.

Our examination of the proofs leads us to the conclusion that this is not so, and the rule must therefore be discharged, with costs.